**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108798

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WENDY GREENE, <br><br> Plaintiff, <br><br> vs. <br><br> ARS NATIONAL SERVICES, INC., <br><br> Defendant. | Docket No: **'15CV0940 H    NLS** <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

WENDY GREENE (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ARS NATIONAL SERVICES, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of California.

**PARTIES**

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Escondido, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10. Plaintiff's alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debts.

12. At a time known only to Defendant, Plaintiff's alleged debts were assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debts, Defendant contacted Plaintiff by written correspondence dated August 4, 2014, for the alleged debt under the account number XXXX0766, and correspondence dated October 20, 2014, for the alleged debt under the account number XXXX7247. (Copies of the correspondence are annexed hereto as "Exhibit 1.")

14. Defendant's written correspondences to Plaintiff are "communications" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communications violated the FDCPA and The Rosenthal Act.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts Concerning Account Number XXX7247**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

19. A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

20. Even if a debt collector conveys the required information, the collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

21. When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

22. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23. Here, Defendant's letter fails to identify the name of the creditor to whom the debt s owed.

24. Defendant's letter states, "ARS is authorized to settle the above-referenced account for $567.17." However, there is no explanation provided as to who "ARS" is; whether "ARS" is the creditor to whom the debt is owed; nor its legal relationship, if any, to Capital One Bank (USA), N.A., the entity listed in the "Re:" section of Defendant's letter.

25. The least sophisticated consumer would likely be confused as to whether ARS, Capital One, or some other entity is the creditor to whom the debt is owed.

26. Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts Concerning Account Number XXX0766**

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. Here, again, Defendant's letter fails to identify the name of the creditor to whom the debt s owed.

29. Defendant's letter states, "ARS is authorized to settle the above-referenced account for $493.30." However, there is no explanation provided as to who "ARS" is; whether "ARS" is the creditor to whom the debt is owed; nor its legal relationship, if any, to Capital One Bank (USA), N.A., the entity listed in the "Re:" section of Defendant's letter.

30. The least sophisticated consumer would likely be confused as to whether ARS, Capital One, or some other entity is the creditor to whom the debt is owed.

31. Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

34. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

35. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

36. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

37. Because the collection letters in the instant case were reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of the FDCPA.

38. The "least sophisticated consumer" would likely be deceived in a material way by

4

Defendant's conduct.

39. Defendant has violated § 1692e by using a false, deceptive and misleading representations in its attempt to collect a debt.

### FOURTH COUNT
### Violation of the Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

42. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

43. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

44. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

45. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

46. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

47. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

48. Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

52. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

53. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

54. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

55. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

56. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

57. Demanding payment during the validation period without explaining that such demand does not override the consumers right to validation is a violation of the FDCPA.

58. Defendant has demanded Plaintiff make payment during the validation period.

59. Defendant has demanded Plaintiff make payment during the validation period, without explaining that such demand does not override the Plaintiff's right to dispute the validity of the debt or demand validation of the debt.

60. Defendant's letters contain no transitional language advising Plaintiff that its demand for payment does not override Plaintiff's right to dispute the validity of the debt or demand validation of the debt.

61. Defendant has violated § 1692g as Defendant overshadowed the information

required to be provided by that Section.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to The Rosenthal Act §1788.30.

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: April 27, 2015

**BARSHAY SANDERS PLLC**

By: /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108798